**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4520**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALDAIR HODZA,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.   (3:15-cr-00032-HEH-1)

—————————

Submitted:  April 27, 2016                    Decided:  May 27, 2016

—————————

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Matthew B. Kaplan, KAPLAN LAW FIRM, Arlington, Virginia, for Appellant. Dominick Salvatore Gerace, II, Heather L. Hart, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aldair Hodza pled guilty in accordance with a written plea agreement to sex trafficking by force, 18 U.S.C. § 1591(a) (2012), and interstate transportation of a person for prostitution, 18 U.S.C. § 2421 (2012). Hodza received an aggregate sentence of 500 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming that the sentence is unreasonable but stating that there are no meritorious issues for appeal. Hodza has filed a pro se supplemental brief raising several issues. The United States moves to dismiss the appeal based on a waiver-of-appellate-rights provision in the plea agreement. Hodza has responded to the motion. We dismiss the appeal.

In the plea agreement, Hodza waived his right to appeal his convictions and sentence on any ground other than ineffective assistance of counsel. Upon review of the record, we conclude, given the totality of the circumstances, that the waiver is valid and enforceable.* We further find that Hodza's claims that

---

* In this regard, we note that the district court substantially complied with Fed. R. Crim. P. 11, Hodza represented at the Rule 11 hearing that he fully understood the plea agreement, in which the waiver provision was set forth in a separate paragraph, and Hodza was questioned about the waiver at the Rule 11 proceeding. Additionally, Hodza assured the court that his plea was not the result of coercion or threats and that he understood the provision in the plea agreement stating that, although the parties would recommend a 35-year sentence pursuant (Continued)

he is innocent and his sentence is unreasonable fall within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Accordingly, we grant the motion to dismiss the appeal.

Hodza did not waive his right to claim on appeal that defense counsel was ineffective. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, to allow for adequate development of the record, the defendant should raise such a claim, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, ineffectiveness of counsel is not apparent from the record, and we will not address this claim.

Pursuant to Anders, we have reviewed the entire record for meritorious, nonwaivable issues and have found none. We therefore dismiss the appeal. This court requires that counsel

---

to Fed. R. Crim. P. 11(c)(1)(B), the recommendation was not binding on the court. There is nothing in the record that would overcome these solemn assurances made in open court. See Blackledge v. Allison, 431 U.S. 63, 64 (1977). Finally, the record lends no credence to Hodza's bald claim that his religion or citizenship played any part whatsoever in the disposition of this case.

inform Hodza, in writing, of his right to petition the Supreme Court of the United State for further review. If Hodza requests that such a petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Hodza. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED